1 | Angel L. Rivera, Propria Persona
2 | 4365 School House Commons, 500-251
Harrisburg, NC 28075
3 | Ph.: 704-455-7274

FILED
CHARLOTTE, NC

FEB 2 3 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC


5
6
7

## UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

8
9  Trustee Services of Carolina, LLC,

10         Petitioner (Plaintiff),

11         v.

12
13  Angel L. Rivera,

14              Respondent (Defendant).

15  _____

16  Angel L. Rivera,

17         Counterclaimant,

18         v.

19  Trustee Services of Carolina, LLC; Bank
20  of America, N.A.; and JOHN and/or
JANE DOES 1 through 10 inclusive,
21
22         Counter-defendants.

CASE NO: 3:12-CV-121

COMPLAINT

JURY TRIAL DEMANDED

(1) Misrepresentation;
    a. Fraudulent;
    b. Negligent;
(2) Breach of Contract;
    a. RESPA violation;
(3) Violation Fair Debt Collection
Practices Act; and
(4) Violation of Due Process.

[Filed concurrently; Notice Demand for Jury Trial; and
Request for Judicial Notice]

23
24

## COMPLAINT

25      COMES NOW Angel L. Rivera, files this Complaint against counter-
26  defendants, Trustee Services of Carolina, LLC; Bank of Amercia, N.A.; and DOES

Case 3:12-cv-00121-MOC-DCK   Document 3   Filed 02/23/12   Page 1 of 34

1  and/or JANES 1 – 10 inclusive, on information and belief as to all the facts other

2  than as to Plaintiff, as follows:

3  ## JURISDICTION

4  01.      This Court has jurisdiction pursuant 28 U.S.C. § 1331, and Acts of the

5  Forty-Second Congress, Session I, Chapter XXII, Section 6 (17 Stat 15) and Forty-

6  Second Congress, Session I, Chapter XXII, Section 2 (17 Stat 13).

7  ## VENUE

8  02.      Venue is proper as the subject property, and the parties to this action

9  are located within the District of this Court.

10  ## PARTIES

11  03.      Angel L. Rivera is unaware of all the true names and lawful capacities

12  of all the Defendant(s) sued and or agents for the Defendant(s) sued herein as

13  DOES and/or JANES 1 through 10, but is informed and believes and thereon

14  alleges that additional defendants may be responsible in some manner for the acts

15  alleged herein and/or discovered at some future date and/or purports to hold or

16  claims to hold a legal or equitable right, title, estate, lien or other interest in the

17  Property, which is subsequent to and subject to Angel L. Rivera's. Angel L. Rivera

18  therefore sues said defendants by such fictitious names and will seek leave of the

19  Court to amend this Complaint to their true names, capacities and add any

20  additional causes of actions that be ascertained.

21  04.      Bank of Amercia, N.A. ("BANA") is, and at all times herein

22  mentioned, a National Association, with its principal place of business located in

23  Charlotte, NC.

24  05.      Trustee Services of Carolina, LLC ("TSC") is, and at all times herein

25  mentioned, a Limited Liability Company under the laws of the State of North

26  Carolina with its principal place of business located at Wilmington, NC.

1    06.      Angel L. Rivera is a North Carolina state Citizen, whose mailing

2    location is, 4365 School House Commons 500-251, Harrisburg, North Carolina.

3                          **<u>NATURE OF THE ACTION</u>**

4    07.      This Counterclaim is based upon the failure of Bank of America,

5    National Association ("BANA"); and Trustee Services of Carolina, LLC, either

6    individually and/or collectively, to comply with their contractual and fiduciary

7    obligations set forth in the NOTE and/or Deed of Trust ("Deed"), and the relevant

8    governing federal laws.

9    08.      BANA is engaged in the business of originating and/or acquiring by

10   purchase residential mortgage loans. BANA sells the bulk of these loans to

11   investor(s), often referred to as a single asset entity, or Government Sponsored

12   Entities ("GSE") like Federal National Mortgage Association ("FNMA"), who

13   typically transfer and pool the loans into a trust for the purpose of selling

14   certificates. BANA admits, sometime after May 30, 2008, the NOTE and Deed of

15   Trust (hereinafter "CONTRACTS") were transferred to an investor identified by

16   BANA to be "CRE - HFS 1ST MORT-NONSALE."

17   09.      BANA violated multiple federal statutes governing Federally Related

18   Mortgages.

19   10.      BANA, by direction to TSC, the TRUSTEE, proceeded to invoke the

20   "TRANSFER OF RIGHTS IN THE PROPERTY" clause found in the Deed of

21   Trust, all the while failing to respond to RIVERA's multiple requests for validation

22   of the debt, and request for discovery.

23   11.      TSC, to the detriment of Angel L. Rivera ("RIVERA"), failed to

24   exercise its fiduciary obligation to the Trustor, RIVERA, by failing to validate the

25   debt before proceeding on behalf of BANA, the alleged owner of the obligation.

1     12.     TSC failed to exercise its fiduciary obligation to factually determine

2 BANA to be the true owner of the obligation before Petitioning the Mecklenburg

3 County Clerk of the Court for an ORDER to proceed with a foreclosure sale.

4     13.     BANA and TSC violated RIVERA's due process rights ignoring a

5 timely request for production of documents RIVERA filed in state court.

6     14.     BANA failed to fully comply with RIVERA's request for the owner of

7 the obligation.

8     15.     RIVERA made several requests for validation of the debt and

9 identification of the owner of the obligation, the details thereof are lodged in the

10 Statement of Facts.

11     16.     The failure on the part of BANA and TSC to comply with the

12 CONTRACTS, and breach of the relevant governing federal laws, violated

13 RIVERA's due process rights.

14 **STATEMENT OF FACTS**

15     17.     Angel L. Rivera repeats, re-alleges and incorporates each and every

16 allegation contained in paragraphs 01 through 16 as though fully set forth herein.

17     18.     On January 5, 2010 Angel L. Rivera ("RIVERA"), sent a qualified

18 written request ("QWR" 12 U.S.C. 2605) to Bank of America, asking for, among

19 other things, validation of the alleged debt.

20     19.     On January 29, 2010 Bank of America Home Loans ("BAHL") sent

21 RIVERA a communication. The cover letter, although unsigned, acknowledged

22 RIVERA's QWR identifying "Bank of America Home Loan Number ending in:

23 2501." The loan number identified on each attached uncertified copy of the; 1)

24 "Uniform Residential Loan Application" (FNMA form 1003); 2) "NOTE"; 3)

25 recorded "DEED OF TRUST"; 4) "PLANNED UNIT DEVELOPMENT RIDER";

26 5) "1-4 FAMILY RIDER"; and 6) "U.S. DEPARTMENT OF HOUSING &

27 URBAN DEVELOPMENT SETTLEMENT STATEMENT" is "6146403982."

20.     On February 1, 2011 RIVERA, pursuant to 15 U.S.C § 1641(f)(2), made "DEMAND FOR THE IDENTITY OF THE CONTRACTUALLY LAWFUL 'NOTE HOLDER'" ("DEMAND"). A copy of this DEMAND was sent to the Office of the Comptroller of the Currency.

21.     On February 10, 2011 BAHL sent RIVERA a communication in response to respondent's "DEMAND FOR IDENTITY OF THE CONTRACTUALLY LAWFUL "**NOTE HOLDER**"", to which paragraph 4 in relevant part states, "… *the investor on your loan is CRE-HFS.*"

22.     On February 23, 2011, responding to RIVERA's DEMAND, a facsimilie from BAHL claimed the "Investor's Name: CRE – HFS 1st MORT – NONSALE."

23.     On February 28, 2011 the Officer of the Comptroller of the Currency responding assigned case number 01468730.

24.     On June 12, 2011 BAC Home Loan Servicing LP ("BACLP") sent RIVERA a notice BACLP was accelerating the Mortgage unless payments were brought current within 45 days.

25.     On or about July 1, 2011 BAHL noticed RIVERA of a change in servicer from BACLP to BANA. BAHL's notice is undated, unsigned and identifies the account number to be 870112501.

26.     On July 14, 2011 Bank of America filed in District Court 152nd Judicial District Harris County, Texas a "NOTICE OF MERGER AND NAME CHANGE" ("MERGER"). The MERGER identifies Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (Cause No. 2011-02490).

27.     On July 27, 2011 Trustee Services of Carolina, LLC ("TSC"), claiming the capacity of "Substitute Trustee," sent a notice to RIVERA, indicating TSC was asked to initiate foreclosure proceedings and that BANA is the creditor to

1   whom the debt is owned. TSC clearly identified the said notice conforms to the

2   "Federal Fair Debt Collections Practices Act" ("FDCPA").

3       28.     On July 28, 2011 Sylvia B. Jones, Attorney in Fact for Bank of

4   America, N.A., did execute an "APPOINTMENT OF SUBSTITUTE TRUSTEE"

5   and had same recorded on August 5, 2011 with the Register of Deeds for

6   Mecklenburg County, NC.

7       29.     On August 3, 2011 RIVERA responded to TSC "notice to initiate

8   foreclosure proceedings" requesting "validation" of the claimed debt owing

9   pursuant to the FDCPA.

10      30.     On August 5, 2011 TSC Petitioned the Mecklenburg County Superior

11   Court, pursuant to N.C.G.S. § 45-21.16, for authorization to sell RIVERA's

12   property located at 9617 Worley Drive, Charlotte, NC.

13      31.     On August 11, 2011 Brock and Scott, PLLC, sent RIVERA a

14   NOTICE OF HEARING, Which States THIS IS AN ATTEMPT TO COLLECT A

15   DEBT further claiming Bank of America, N.A. is "the current holder of the ...

16   indebtedness." And the Holder/servicer has confirmed debtor has not sent any

17   "written request for information ... a dispute or error involving the debtor's account

18   ..."

19      32.     On August 17, 2011 RIVERA sent Brock & Scott, PLLC, counsel for

20   TSC, a request for validation of the claimed debt owing, pursuant to the FDCPA.

21      33.     On August 18, TSC responded to RIVERA's request for validation of

22   the claimed debt attaching to the response uncertified copies of; 1) "NOTE"; 2)

23   "DEED OF TRUST"; 3) "PLANNED UNIT DEVELOPMENT RIDER"; 4) "1 – 4

24   FAMILY RIDER"; 5) "LIMITED CONTINUING POWER OF ATTORNEY"; 6)

25   payoff statement; and 7) statement of amounts necessary to reinstate the loan.

26      34.     On September 2, 2011, RIVERA wrote TSC and Brock & Scott,

27   PLLC noticing them their August 18, 2011 response, containing unauthenticated

documents, did not rise to the level necessary for validation of the debt pursuant to the FDCPA and their failure to comply with N.C.G.S. § 45-93.

35.     On September 28, 2011, Michael Spicer with Rogers Townsend & Thomas, PC wrote RIVERA claiming the documents attached "satisfies our obligation to verify your debt under applicable law, Federal and State law, under RESPA and N.C.G.S. § 45-93.... Any ... self-executing or default provisions contained in the letters dated August 3, 2011, August 17, 2011, and September 2, 2011 are a legal nullity and shall not be considered or responded to further." The attachments to Michael Spicer's communiqué were uncertified copies of a; 1) "NOTE"; 2) "LIMITED CONTINUING POWER OF ATTORNEY" stamped "Unofficial Document"; 3) "DEED OF TRUST"; 4) "PLANNED UNIT DEVELOPMENT RIDER"; 5) "1 – 4 FAMILY RIDER"; 6) "U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT SETTLEMENT STATEMENT"; 7) "BUYER / SELLER CERTIFICATION"; and 8) "Uniform Residential Loan Application" (FNMA form 1003).

36.     On October 5, 2011 RIVERA wrote Michael Spicer asking; 1) Who are you?, 2) What letters do you allege you're responding to?, 3) How exactly did you come into possession of the attachments to your correspondence?, 4) Are you a licensed attorney, and if so whom exactly do you represent?, 5) Are you a debt collector as defined in the Fair Debt Collection Practices Act (FDCPA)?; and 6) What is/was the purpose of your correspondence?

37.     On October 13, 2011 Michael Spicer responded to RIVERA's communication dated October 5, stating Bank of America retained him, to respond to RIVERA's August 3rd, August 17th, and September 2nd letters requesting validation of the claimed debt.

38.     On November 5, 2011 RIVERA wrote Michael Spicer stating his September 28th and October 13th communications failed to satisfy Bank of America's obligation pursuant to FDCPA and RESPA.

39.     On December 12, 2011 RIVERA filed a "NOTICE OF REQUEST AND REQUEST FOR DISCOVERY (PRODUCTION OF DOCUMENTS)" in the Mecklenburg County Superior Court Special Proceedings number 11 SP 006363.

40.     On December 22, 2011 RIVERA filed a "NOTICE OF MOTION AND MOTION IN OPPOSITION TO AUTHORIZE SALE", "REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS", and "AFFIDAVIT OF JENNIFER L. WILSON IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS."

41.     On January 4, 2012, RIVERA received a telephonic message from Brock and Scott stating the January 5, 2012, Special Proceedings hearing is rescheduled for February 8, 2012.

42.     On February 6, 2012, RIVERA, not having been served with proper notice of the hearing date change, sent his agent to the court to secure a complete record of the file. Upon RIVERA's review it was discovered a new hearing date was scheduled for March 9, 2012.

## FIRST CAUSE OF ACTION

### I. (1) FRAUDULENT MISREPRESENTATION AS TO BANK OF AMERICA NOTICE OF ACCELLERATION.

43.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 42 as though fully set forth herein.

44.     On February 1, 2011, RIVERA made demand upon BANA through BAHL for the contractually lawful owner of the obligation pursuant to 15 U.S.C. § 1641(f)(2). (*See ¶ 20*).

45. BANA, through BAHL, responding to RIVERA's February 1 demand, identified "CRE-HSF 1st MORT-NONSALE" to be the "Investor's." (*See* ¶ *21*).

46. BANA sent, or caused to be sent, a notice to RIVERA of its intention "to accelerate your Mortgage and pursue the remedies provided for in your Mortgage." (*See* ¶¶ *24 & 26*).

47. Paragraph "(E)" of the DEED OF TRUST incorporates by reference the "Note".

48. Paragraph "1" of the "NOTE", in relevant part states, "[T]he <u>Lender</u> or anyone who takes this Note by transfer <u>and</u> who is entitled to receive the payments under this Note is called the "Note Holder."" (Emphasis added).

49. Paragraph 22 of the DEED OF TRUST is specific, "*Lender <u>shall</u> give notice to borrower prior to acceleration* ..." (Emphasis added).

50. BANA knew, or should have known, it was not the Note Holder, as defined in the NOTE, when it noticed RIVERA of its intent to accelerate the Mortgage.

51. THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. fraudulently misrepresented itself to RIVERA, by virtue of the notice of acceleration, to be "the owner of the obligation"[1] besmirching RIVERA's credit and forcing a foreclosure proceeding of the real property.

52. WHEREFORE Plaintiff seeks, the following damages;

    a. Actual as demonstrated and proved upon the record;

    b. Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c. Consequential in the amount set by the jury;

    d. General damages in an amount yet to be determined;

---

[1] Title 15 U.S.C. § 1641(f)(2).

e. Restitution damages in an amount equal to all amounts paid to TSC by Bank of America, N.A. in relation to any foreclosure activities in connection with the DEED of TRUST or NOTE;

f. Punitive in an amount to be set by the jury;

g. Treble;

h. Un-liquidated in an amount to be set by the jury;

i. Order of this Court for defendant, Bank of America, N.A. to seal all records that are in or subject to the control of named defendant(s) and are relevant to either the PROPERTY or RIVERA; and

j. Such other relief as the Court deems proper and just.

## II. (2) FRAUDULENT MISREPRESENTATION AS TO BANK OF AMERICA SUBSTITUTION OF TRUSTEE.

53.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 52 as though fully set forth herein.

54.     The October 13, 2011 communication to RIVERA from Michael Spicer of Rogers Townsend & Thomas PC, clearly states,

> *"I am a North Carolina licensed attorney retained by Bank of America, N.A. to respond to your previously described request for verification of the debt. ... Bank of America, N.A., the holder of the note and deed of trust, provided the documentation to my office for the purpose of responding to your previously mentioned requests."*
> (Emphasis added).

55.     Paragraph numbered "24." of that certain DEED OF TRUST proffered by Bank of America through its agent Michael Spicer of Rogers

1 | Townsend & Thomas, PC in response[2] to RIVERA's DEMAND in relevant part
2 | states,

> "**_Substitute Trustee._** _Lender may from time to time remove Trustee
> and appoint a successor trustee to any Trustee appointed
> hereunder by an Instrument recorded in the county in which this
> Security Instrument is recorded Without conveyance of the
> Property, the successor trustee shall succeed to all the title, power
> and duties conferred upon Trustee herein and by Applicable Law._"
> (Emphasis added).

56.     Paragraph "(E)" of the DEED OF TRUST incorporates by reference the "Note".

57.     The term "Lender" in the DEED OF TRUST by reference has the same meaning as that term is defined in the "NOTE".

58.     On February 23, 2011, BANA admitted it is/was not the owner of the obligation. (_See_ ¶¶ _22 & 26_).

59.     Bank of America, N.A. did, or caused Sylvia B. Jones acting in the capacity of "Attorney in Fact for Bank of America, N.A.", execute under oath an "APPOINTMENT OF SUBSTITUTE TRUSTEE."

60.     Bank of America, N.A. did, or caused Sylvia B. Jones acting in the capacity of "Attorney in Fact for Bank of America, N.A.", register the "APPOINTMENT FOR SUBSTITUTE TRUSTEE" in the Office of the Register of Deeds for Mecklenburg County, NC.[3]

61.     Bank of Amercia, N.A. is not the "Lender" as that term is defined in the NOTE.

---

[2] _See_ ¶ _40_.
[3] RIVERA believes the recordation of the "APPOINTMENT FOR SUBSTITUTE TRUSTEE" violates N.C.G.S. §§ 45-10 & 45-209.

62.     THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. fraudulently misrepresented itself to be the "Lender" when executing, or causing same to be executed, and recording the "SUBSTITUTION OF TRUSTEE" forcing a foreclosure proceeding of the real property.

63.     WHEREFORE, RIVERA seeks, the following damages;

    a.  Actual as demonstrated and proved upon the record;

    b.  Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c.  Consequential in the amount set by the jury;

    d.  General damages in an amount yet to be determined;

    e.  Restitution damages in an amount equal to all the amounts paid by CRE – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in connection with any activities allegedly authorized by the NOTE and or DEED OF TRUST;

    f.  Punitive in an amount to be set by the jury;

    g.  Treble;

    h.  Unliquidated in an amount to be set by the jury;

    i.  Order of this Court for defendant, Bank of Amercia, N.A. to seal all records that are in or subject to the control of named defendants and are relevant to either the subject property or plaintiff;

    j.  Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the Register of Deeds Mecklenburg County instrument no. 2011087393;

    k.  Bank of Amercia, N.A. to produce the genuine Deed of Trust evidenced by a recordation on July 24, 2006 in the Register of Deeds Mecklenburg County instrument number 2011087393;

    l.  Bank of America, N.A. to produce the genuine NOTE evidencing the claimed obligation owing; and

Case 3:12-cv-00121-MOC-DCK   Document 3   Filed 02/23/12   Page 12 of 34

m. Such other relief as the Court deems proper and just.

## III.   (3) FRAUDULENT MISREPRESENTATION AS TO BANK OF AMERICA, N.A. (VIOLATION N.C.G.S. § 45-93).

64.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 63 as though fully set forth herein.

65.     N.C.G. S. § 45-93 in relevant part states,

*"Provide a written statement to the borrower within 10 business days of receipt of a request ... The identity, address, and other relevant information about the current holder, owner, or assignee of the loan."* (Emphasis added).

66.     On February 1, 2011 RIVERA, pursuant to 15 U.S.C § 1641(f)(2), made "DEMAND FOR THE IDENTITY OF THE CONTRACTUALLY LAWFUL 'NOTE HOLDER'" ("DEMAND").

67.     On August 11, 2011 Brock and Scott, PLLC, on behalf of TSC, sent RIVERA a NOTICE OF HEARING ("NOTICE").

68.     Paragraph "2." of the NOTICE claims Bank of America, N.A. is the current holder of the alleged indebtedness secured by a Deed of Trust, hereinafter "Holder".

69.     Paragraph "9." of the NOTICE in relevant part states,

*"The Holder ... has confirmed in writing to the Substitute Trustee giving this notice that to the knowledge of the holder, ... within the past two years preceding the date of this notice, ... debtor has not sent 'written requests for information regarding a dispute or error involving the debtor's account (per NCGS 45-93) to the Holder or servicer.'"* (Emphasis added).

70.     On February 10, 2011 BAHL sent RIVERA a communication in response to respondent's "DEMAND FOR IDENTITY OF THE

CONTRACTUALLY LAWFUL "**NOTE HOLDER**"", to which paragraph 4 in relevant part states, "… *the investor on your loan is CRE-HFS.*"

71.     Bank of America, N.A. knew or should have known at the time it allegedly wrote Trustee Services of Carolina, LLC that it was not the "Note Holder."

72.     Therefore, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. fraudulently misrepresented to Trustee Services of Carolina, LLC, and by TSC Petition to the Clerk of the Mecklenburg County Court in North Carolina fraudulently misrepresented to the state court, to be the "Note Holder" entitled to receive the payments, and violated N.C.G.S. § 45-93.

73.     WHEREFORE, RIVERA seeks, the following damages;

    a.  Actual as demonstrated and proved upon the record;

    b.  Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c.  Consequential in the amount set by the jury;

    d.  General damages in an amount yet to be determined;

    e.  Restitution damages in an amount equal to all the amounts paid by CRE – HFS 1ST MORT –NONSALE to Bank of America, N.A. in connection with any activities allegedly authorized by the NOTE and or DEED OF TRUST;

    f.  Punitive in an amount to be set by the jury;

    g.  Treble;

    h.  Unliquidated in an amount to be set by the jury;

    i.  Order of this Court for defendant, Bank of Amercia, N.A. to seal all records that are in or subject to the control of named defendants and are relevant to either the subject property or plaintiff;

1    j. Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the
2       Register of Deeds Mecklenburg County instrument no. 2011087393;
3    k. Bank of Amercia, N.A. to produce the genuine Deed of Trust
4       evidenced by a recordation on July 24, 2006 in the Register of Deeds
5       Mecklenburg County instrument number 2011087393;
6    l. Bank of America, N.A. to produce the genuine NOTE evidencing the
7       claimed obligation owing; and
8    m. Such other relief as the Court deems proper and just.

9    IV.    **(1) NEGLEGENT MISREPRESENTATION AS TO**
10          **TRUSTEE SERVICES OF CAROLINA, LLC.**

11   74.    RIVERA repeats, re-alleges and incorporates paragraphs 1 through
12   73 as though fully set forth herein.

13   75.    The trustee in a deed of trust owes a duty to the debtor as well as the
14   creditor.[4]

15   76.    TSC, in its July 27th communication, identified "the creditor to whom
16   the debt is owed is Bank of America, N.A., hereinafter 'Lender'." (*See ¶ 27*).

17   77.    TSC claimed the information in its July 27th communication "is
18   provided to you [RIVERA] as required by the Federal Fair Debt Collections
19   Practices Act." (*See ¶ 27*) (Emphasis added).

20   78.    Title 15 U.S.C. § 1692a(4) of the FDCPA in relevant part states, "The
21   term 'creditor' means any person who offers or extends credit creating a debt or to
22   whom a debt is owed, …"

23   79.    Title 15 U.S.C. § 1692e prohibits a debt collector from the use of any
24   false, deceptive, or misleading representation. (*See 15 U.S.C. § 1692e(10)*).

---

[4] 29 N.C.App. 248, Furst v. Loftin, 224 S.E.2d 641, 646 (1976); citing 216 N.C. 664, Mills v. Building and Loan
Ass'n., 6 S.E.2d 549, 552 (1940).

80. TSC failed to affirm the owner of the obligation before noticing RIVERA it, TSC, "has been asked as Substitute Trustee to initiate foreclosure proceedings to foreclose the mortgage on your property."

81. THEREFORE, upon information and belief, Angel L. Rivera alleges Trustee Services of Carolina, LLC notice to initiate foreclosure proceedings violates 15 U.S.C. § 1692e inclusive, falsely claiming, in its July 27th communication, Bank of America, N.A. to be the "creditor to whom the debt is owed" resulting in irreparable damage to RIVERA's credit and forcing a foreclosure proceeding of the real property.

82. WHEREFORE Angel L. Rivera seeks, the following damages;

a. Actual as demonstrated and proved upon the record;

b. Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

c. Consequential in the amount set by the jury;

d. General damages in an amount yet to be determined;

e. Restitution damages in an amount equal to all amounts paid to Trustee Services of Carolina, LLC by Bank of Amercia, N.A. in connection with any foreclosure activities related to the property or RIVERA;

f. Punitive in an amount to be set by the jury;

g. Treble;

h. Unliquidated in an amount to be set by the jury;

i. Order of this Court for defendant, to seal all records that are in or subject to the control of named defendants and are relevant to either the subject property or plaintiff; and

j. Such other relief as the Court deems proper and just.

## V. (2) FRAUDULENT MISREPRESENTATION AS TO TRUSTEE SERVICES OF CAROLINA, LLC.

83.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 82 as though fully set forth herein.

84.     Paragraph "24" of that certain DEED OF TRUST proffered by Bank of America through its agent Michael Spicer of Rogers Townsend & Thomas, PC in response[5] to RIVERA's DEMAND in relevant part states,

> "**Substitute Trustee.** *Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder <u>by an Instrument recorded in the county</u> in which this Security Instrument is recorded Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.*"
> (Emphasis added).

85.     The recordation of the "APPOINTMENT OF [Trustee Services of Carolina, LLC] SUBSTITTUE TRUSTEE" by Bank of America, N.A. occurred on August 5, 2011.

86.     On July 27, 2011, Trustee Services of Carolina, LLC sent RIVERA their notice they have "been asked as Substitute Trustee to initiate foreclosure proceedings to foreclose the mortgage on your [RIVERA's] property." (Emphasis added).

87.      The notice from TSC to RIVERA regarding the initiation of foreclosure proceedings, took place nine (9) days before the recordation of the alleged "APPOINTMENT OF SUBSTITUTE."

88.     Therefore, upon information and belief, Angel L. Rivera alleges Trustee Services of Carolina, LLC, is/was <u>not</u> the Substitute Trustee at the notice

---

[5] *See ¶ 40.*

Case 3:12-cv-00121-MOC-DCK   Document 3   Filed 02/23/12   Page 17 of 34

date of the July 27, 2011 to RIVERA that foreclosure proceedings are being initiated and Trustee Services of Carolina, LLC lacked standing to serve such notice.

89.     WHEREFORE Angel L. Rivera seeks, the following damages;

    a.  Actual as demonstrated and proved upon the record;

    b.  Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c.  Consequential in the amount set by the jury;

    d.  General damages in an amount yet to be determined;

    e.  Restitution damages in an amount equal to all amounts paid to Trustee Services of Carolina, LLC by Bank of Amercia, N.A. in connection with the NOTE;

    f.  Punitive in an amount to be set by the jury;

    g.  Treble;

    h.  Un-liquidated in an amount to be set by the jury;

    i.  Order of this Court for defendant,   to seal all records that are in or subject to the control of named defendants and are relevant to either the subject property or plaintiff; and

    j.  Such other relief as the Court deems proper and just.

## SECOND CAUSE OF ACTION

**I.  (1) BREACH OF CONTRACT AS TO BANK OF AMERCIA, N.A. NOTE HOLDER CLAIM.**

90.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 89 as though fully set forth herein.

91.     Paragraph "1" of the "NOTE", in relevant part states, "*[T]he Lender or anyone who takes this Note by transfer and who is entitled to receive the payments under this Note is called the "Note Holder.*"" (Emphasis added).

92. Paragraph (I) of the DEED OF TRUST in relevant part states,

*"Applicable Law means all controlling applicable federal, state and ... orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."* (Internal quotes omitted).

93. Paragraph "16" of the Deed of Trust in relevant part states,

*"Governing Law ... This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."* (Emphasis added).

94. Title 15 U.S.C. § 1641(f)(2) in relevant parts states,

*"Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."* (Emphasis added).

95. N.C.G.S. § 45-10 in relevant part states,

*". . . the holders or owners of a majority in amount of the indebtedness, notes, bonds, or other instruments evidencing a promise or promises to pay money and secured by mortgages, deeds of trust, or other instruments conveying real property, or creating a lien thereon, may, in their discretion, substitute a trustee whether the trustee then named in the instrument is the original or a substituted trustee, . . ."*

96. Bank of America Home Loans February 23, 2011 response to RIVERA's DEMAND[6] for the identity of the owner of the obligation named "CRE – HFS 1ST MORT –NONSALE" to be the "investor." (*See ¶ 22*).

---

[6] Title 15 U.S.C. § 1641(f)(2).

97.     THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of Amercia, N.A., is not the owner of the obligation entitled to receive the payments and breached the contract (Deed of Trust) paragraphs; "1"; "I"; and "16."

98.     WHEREFORE Angel L. Rivera seeks, the following damages;

    a. Actual as demonstrated and proved upon the record;

    b. Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c. Consequential in the amount set by the jury;

    d. General damages in an amount yet to be determined;

    e. Restitution damages in an amount equal to all amounts paid to Bank of Amercia, N.A. by the named investor, "CRE – HFS 1ST MORT – NONSALE, in connection with the NOTE;

    f. Punitive in an amount to be set by the jury;

    g. Treble;

    h. Unliquidated in an amount to be set by the jury;

    i. Order of this Court for defendant, Bank of Amercia, N.A. to seal all records that are in or subject to the control of named defendant and are relevant to either the subject PROPERTY or RIVERA;

    j. Bank of Amercia, N.A. to produce the Genuine "NOTE" of that copy proffered with its communication from Michael Spicer of Rogers Townsend & Thomas dated October 13, 2011 (*See ¶ 40*); and

    k. Such other relief as the Court deems proper and just.

## II. **(2) BREACH OF CONTRACT AS TO BANK OF AMERICA, N.A. NOTICE OF ACCELERATION.**

99.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 98 as though fully set forth herein.

100.     Paragraph "(E)" of the DEED OF TRUST incorporates by reference the "Note".

101.     Paragraph "1" of the "NOTE", in relevant part states, "*[T]he Lender or anyone who takes this Note by transfer and who is entitled to receive the payments under this Note is called the "Note Holder.""* (Emphasis added).

102.     On February 1, 2011, RIVERA made demand upon BANA for the contractually lawful owner of the obligation pursuant to 15 U.S.C. § 1641(f)(2). (*See ¶ 26*).

103.     BANA, responding to RIVERA's February 1 demand, identifying "CRE-HSF 1st MORT-NONSALE" to be the "Investor's." (*See ¶ 28*).

104.     BANA sent, or caused to be sent, a notice to RIVERA of its intention "to accelerate your Mortgage and pursue the remedies provided for in your Mortgage" ("NOTICE"). (*See ¶¶ 30 & 32*).

105.     Title 15 U.S.C. § 1692a(4) in relevant part states, "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, …"

106.     Paragraph 22 of the DEED OF TRUST is specific, "*Lender shall give notice to borrower prior to acceleration …*" (Emphasis added).

107.     BANA knew, or should have known, it was not the "Lender" (Note Holder), as defined in the NOTE, when it noticed RIVERA of its intent to accelerate the Mortgage.

108.     THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. breached paragraph "22" of the terms of the contract (DEED OF TRUST).

109.     WHEREFORE Plaintiff seeks, the following damages;

     a.  Actual as demonstrated and proved upon the record;

1       b. Compensatory in the amount of One hundred forty-four thousand

2           three hundred eighty-two and 00/100 dollars ($144,382.00);

3       c. Consequential in the amount set by the jury;

4       d. General damages in an amount yet to be determined;

5       e. Restitution damages in an amount equal to all amounts paid to TSC

6           by Bank of America, N.A. in relation to any foreclosure activities in

7           connection with the DEED of TRUST or NOTE;

8       f. Punitive in an amount to be set by the jury;

9       g. Treble;

10      h. Un-liquidated in an amount to be set by the jury;

11      i. Order of this Court for defendant, Bank of America, N.A. to seal all

12          records that are in or subject to the control of named defendant(s) and

13          are relevant to either the PROPERTY or RIVERA; and

14      j. Such other relief as the Court deems proper and just.

15    III.    **(3) BREACH OF CONTRACT AS TO BANK OF**

16        **AMERCIA, N.A. SUBSTITUTION OF TRUSTEE.**

17      110.    RIVERA repeats, re-alleges and incorporates paragraphs 1 through

18  109 as though fully set forth herein.

19      111.    Paragraph numbered "24." of that certain DEED OF TRUST

20  proffered by Bank of America through its agent Michael Spicer of Rogers

21  Townsend & Thomas, PC in response[7] to RIVERA's DEMAND in relevant part

22  states,

23        "***Substitute Trustee.*** *Lender may from time to time remove Trustee*

24        *and appoint a successor trustee to any Trustee appointed*

25        *hereunder by an Instrument recorded in the county in which this*

26        *Security Instrument is recorded Without conveyance of the*

---

[7] See paragraph 21 herein.

> *Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.*"

112.    The term "Lender" in the DEED OF TRUST by reference has the same meaning as that term is defined in the "NOTE".

113.    BANA admits it is not the owner of the obligation. (*See ¶¶ 28 & 32*).

114.    Bank of America, N.A. did, or caused Sylvia B. Jones acting in the capacity of "Attorney in Fact for Bank of America, N.A." to, execute under oath an "APPOINTMENT OF SUBSTITUTE TRUSTEE."

115.    Bank of America, N.A. did, or caused Sylvia B. Jones acting in the capacity of "Attorney in Fact for Bank of America, N.A." to, register the "APPOINTMENT FOR SUBSTITUTE TRUSTEE" in the Office of the Register of Deeds for Mecklenburg County, NC.

116.    Bank of Amercia, N.A. is not the "Note Holder" as that term is defined in the NOTE.

117.    THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. is not the "Lender" as defined in the NOTE, thus Bank of America, N.A. breached paragraph 22 of the terms and conditions of the contract (Deed of Trust) and lacked standing to execute and record or cause to be recorded a "SUBSTITUTION OF TRUSTEE."

118.    WHEREFORE, RIVERA seeks the following damages;

    a.  Actual as demonstrated and proved upon the record;

    b.  Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c.  Consequential in the amount set by the jury;

    d.  General damages in an amount yet to be determined;

    e.  Restitution damages in an amount equal to all the amounts paid by CRE – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in

1      connection with any activities allegedly authorized by the NOTE and

2      or DEED OF TRUST;

3     f.   Punitive in an amount to be set by the jury;

4     g.   Treble;

5     h.   Unliquidated in an amount to be set by the jury;

6     i.   Order of this Court for defendant, Bank of Amercia, N.A. to seal all

7      records that are in or subject to the control of named defendants and

8      are relevant to either the subject property or plaintiff;

9     j.   Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the

10      Register of Deeds Mecklenburg County instrument no. 2011087393;

11     k.   Bank of Amercia, N.A. to produce the genuine Deed of Trust

12      evidenced by a recordation on July 24, 2006 in the Register of Deeds

13      Mecklenburg County instrument number 2011087393;

14     l.   Bank of America, N.A. to produce the genuine NOTE evidencing the

15      claimed obligation owing; and

16    m.   Such other relief as the Court deems proper and just.

17   IV.   **(4) BREACH OF CONTRACT AS TO BANK OF**

18     **AMERCIA, N.A., TITLE 15 U.S.C. § 1641(F)(2) (RESPA).**

19   119.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through

20 118 as though fully set forth herein.

21   120.     Paragraph "16." of the Deed of Trust in relevant part states,

22     *"Governing Law; ... This Security Instrument shall be governed by*

23     *federal law and the law of the jurisdiction in which the Property is*

24     *located."* (Emphasis added).

25   121.     Title 15 U.S.C. § 1641(f)(2) in relevant parts states,

26     *"Upon written request by the obligor, the servicer shall provide*

27     *the obligor, to the best knowledge of the servicer, with the name,*

1       *address, and telephone number of the owner of the obligation or*

2       *the master servicer of the obligation."* (Emphasis added).

3       122.      Bank of America Home Loans February 23, 2011 response to

4 RIVERA's DEMAND[8] for the identity of the owner of the obligation named "CRE

5 – HFS 1ST MORT –NONSALE" to be the investor. (*See* ¶ *27*).

6       123.      BAHL February 23 communiqué, in breach of Paragraph (I) of that

7 certain Deed of Trust and 15 U.S.C. § 1641(f)(2)  failed to provide the telephone

8 number for the owner of the obligation.

9       124.      THEREFORE, upon information and belief, Angel L. Rivera alleges

10 Bank of America, N.A., breached paragraph 16 of that certain Deed of Trust; and

11 Title 15 § 1641(f)(2) effectively preventing RIVERA from determining, by direct

12 communication with the alleged owner of the obligation, clear title could be

13 conveyed upon full satisfaction of the alleged obligation.

14       125.      WHEREFORE Angel L. Rivera seeks, the following damages;

15       a.   Actual as demonstrated and proved upon the record;

16       b.   Compensatory in the amount of One hundred forty-four thousand

17          three hundred eighty-two and 00/100 dollars ($144,382.00);

18       c.   Consequential in the amount set by the jury;

19       d.   General damages in an amount yet to be determined;

20       e.   Restitution damages in an amount equal to all amounts paid to Bank

21          of America, N.A. by the named investor, "CRE – HFS 1[ST] MORT –

22          NONSALE, in connection with the NOTE;

23       f.   Punitive in an amount to be set by the jury;

24       g.   Treble;

25       h.   Unliquidated in an amount to be set by the jury;

---

[8] Title 15 U.S.C. § 1641(f)(2).

1       i. Order of this Court for defendant, Bank of America, N.A. to seal all

2          records that are in or subject to the control of named defendant and

3          are relevant to either the subject PROPERTY or RIVERA;

4       j. Bank of America, N.A. to produce the Genuine "NOTE" of the

5          alleged copy of same proffered with its communication from Michael

6          Spicer of Rogers Townsend & Thomas dated October 13, 2011 (*See* ¶

7          *37*); and

8       k. Such other relief as the Court deems proper and just.

9                  **THIRD CAUSE OF ACTION**

10      I. **(1) VIOLATION OF THE FAIR DEBT COLLECTION**

11         **PRACTICES ACT AS TO BANK OF AMERICA.**

12     126.    RIVERA repeats, re-alleges and incorporates paragraphs 1 through

13  125 as though fully set forth herein.

14     127.    RIVERA's first request for validation of the debt was communicated

15  to Bank of America on January 5, 2010.

16     128.    Michael Spicer, by direction of BANA, from the office of Rogers,

17  Townsend & Thomas PC, wrote RIVERA on September 28, 2011 attaching copies

18  of a; 1) NOTE; 2) Limited Continuing Power of Attorney (identified "Unofficial

19  Document"); 3) DEED OF TRUST; 4) PLANNED UNIT DEVELOPMENT

20  RIDER; 5) 1-4 FAMILY RIDER; 6) SETTLEMENT STATEMENT; 7)

21  BUYER/SELLER CERTIFICATION; and 8) UNIFORM RESIDENTIAL LOAN

22  APPLICATION, none of which are validated or authenticated.

23     129.    Title 15 U.S.C. § 1692g(b) in relevant part states,

24      *"... the debt collector shall cease collection of the debt, or any*

25      *disputed portion thereof, until the debt collector obtains*

26      *verification of the debt or a copy of the judgment, ... is mailed to*

27      *the consumer by the debt collector."* (Emphasis added).

130.     BANA, in addition to the response from Michael Spicer, responded to RIVERA's request for validation of the debt by sending a copy of a "loan history" statement.

131.     Post RIVERA's multiple requests for validation of the debt, BANA, either directly, or by directing other parties acting on BANA's behalf, continued collection activities including but not limited to reporting derogatory information to the three credit repositories.

132.     The impact of the derogatory reports by BANA to the credit repositories contributed to the prevention of RIVERA securing any form of restructuring the alleged obligation.

133.     The derogatory reports to the credit repositories by BANA led to other additional hardship for RIVERA.

134.     THEREFORE, upon information and belief, Angel L. Rivera alleges Bank of America, N.A. violated Title 15 U.S.C. § 1692 inclusive.

135.     WHEREFORE, Angel L. Rivera seeks the following damages;

    a.  Actual as demonstrated and proved upon the record;

    b.  Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

    c.  Consequential in the amount set by the jury;

    d.  General damages in an amount yet to be determined;

    e.  Restitution damages in an amount equal to all amounts paid by CRE – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in connection with any foreclosure activities allegedly authorized by the NOTE and or DEED OF TRUST;

    f.  Punitive in an amount to be set by the jury;

    g.  Treble;

    h.  Unliquidated in an amount to be set by the jury;

i. Order of this Court for defendant, Bank of Amercia, N.A. to seal all records that are in or subject to the control of named defendant and are relevant to either the subject property or plaintiff;

j. Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the Register of Deeds Mecklenburg County instrument no. 2011087393;

k. Bank of Amercia, N.A. to produce the Genuine "NOTE" dated May 30, 2008; and

l. Such other relief as the Court deems proper and just.

## II. (1) VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO TRUSTEE SERVICES OF CAROLINA, LLC.

136.　RIVERA repeats, re-alleges and incorporates paragraphs 1 through 135 as though fully set forth herein.

137.　On July 27, 2011 Trustee Services of Carolina, LLC sent RIVERA a notice, "as Substitute Trustee," to initiate foreclosure proceedings.

138.　The July 27th communication from TSC declared FDCPA entitles you to dispute the debt.

139.　On August 3, 2011 RIVERA wrote TSC requesting among other things a validation of the debt.

140.　On August 18, 2011 Brock & Scott PLLC, on behalf of Trustee Services of Carolina, LLC responded to RIVERA requests offering only unauthenticated and/or un-validated copies of the alleged obligation.

141.　Accompanying the August 18th communication from Brock & Scott PLLC was a copy of a; 1) NOTE; 2) DEED OF TRUST; 3) PLANNED UNIT DEVELOPMENT RIDER; 4) 1 - 4 FAMILY RIDER; 5) LIMITED CONTINUING POWER OF ATTORNEY; and 6) an alleged payoff statement, all of the afore stated copies were absent any validation or authenticity statement.

1    142.    Trustee Services of Carolina, LLC continues to proceed with
2    collection activities on an alleged debt even though the alleged debt is not yet
3    validated.
4    143.    THEREFORE, upon information and belief, Angel L. Rivera alleges
5    Trustee Services of Carolina, LLC violated Title 15 U.S.C. § 1692 inclusive.
6    144.    WHEREFORE Angel L. Rivera seeks the following;
7        a.  Actual damages as demonstrated and proved upon the record;
8        b.  Compensatory in the amount of One hundred forty-four thousand
9            three hundred eighty-two and 00/100 dollars ($144,382.00);
10       c.  Consequential in the amount set by the jury;
11       d.  General damages in an amount yet to be determined;
12       e.  Restitution damages in an amount equal to all amounts paid by CRE
13           – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in
14           connection with any foreclosure activities allegedly authorized by the
15           NOTE and or DEED OF TRUST;
16       f.  Punitive in an amount to be set by the jury;
17       g.  Treble;
18       h.  Un-liquidated in an amount to be set by the jury;
19       i.  Order of this Court for defendant, Bank of Amercia, N.A. to seal all
20           records that are in or subject to the control of named defendant and
21           are relevant to either the subject property or plaintiff;
22       j.  Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the
23           Register of Deeds Mecklenburg County instrument no. 2011087393;
24       k.  Bank of Amercia, N.A. to produce the Genuine "NOTE" dated May
25           30, 2008; and
26       l.  Such other relief as the Court deems proper and just.
27

III.     **(1) VIOLATION OF DUE PROCESS AS TO TRUSTEE SERVICES OF CAROLINA, LLC AND BANK OF AMERICA, N.A.**

145.     RIVERA repeats, re-alleges and incorporates paragraphs 1 through 144 as though fully set forth herein.

146.     On December 12, 2011 RIVERA filed with the Clerk of the Court for Mecklenburg County North Carolina a "NOTICE OF REQUEST AND REQUEST FOR DISCOVERY ("DISCOVERY").

147.     RIVERA's DISCOVERY sought certification of a true and correct copy of; 1) the genuine "NOTE"; 2) the genuine "Deed of Trust"; 3) the genuine "Affidavit" pursuant to N.C.G.S. §§ 45-21.16(d) and 45-21.16C(a); the business address and telephone number of the affiant so a determination might be made as to the veracity of the affiant's testimony.

148.     RIVERA's DISCOVERY acknowledged; 1) the documents are within the scope and relevant to the Special Proceeding; and 2) as the documents, by statutory construction, are already in the possession of the parties upon whom this request is made then no delay in the proceeding scheduled for January 5, 2012 is for seen.

149.     RIVERA's DISCOVERY requested the documents be provided no later than January 2, 2011.

150.     On December, 22, 2011 RIVERA filed with the Clerk of the Court for Mecklenburg County North Carolina a "NOTICE OF MOTION and MOTION in OPPOSITION TO AUTHORIZE THE SALE" ("OPPOSITION"), serving same upon TSC by United States Postal Service.

151.     RIVERA's OPPOSITION requested the Clerk of the Court for Mecklenburg County; 1) deny with prejudice the Petition for authorization to

1 conduct a foreclosure sale; 2) hold TSC in civil contempt pursuant to N.C.G.S. §
2 7A-103(7); and 3) issue a summons to Trustee Services of Carolina, LLC and
3 Bank of America, N.A. to appear before the Magistrate to answer the allegations of
4 criminal activity.

5 152.   RIVERA's OPPOSITION alleged, either severally or collectively,
6 Trustee Services of Carolina, LLC and/or Bank of America, N.A. violated
7 N.C.G.S. §§ 45-10; 14-209; 14-100; 45-93; and 1-57.

8 153.   In apparent response to RIVERA's DISCOVERY and OPPOSITION,
9 without benefit of service upon RIVERA, TRUSTEE moved the Clerk of the Court
10 for Mecklenburg County North Carolina for a continuance to February 8, 2012.

11 154.   Upon review of the file with the Clerk of the Court for Mecklenburg
12 County North Carolina, only days before the filing of this Complaint, RIVERA has
13 learned TSC moved for another continuance to March 9, 2012.

14 155.   RIVERA has not to this date been served with any motion for
15 continuance of the Petition for Authorization to conduct a foreclosure sale.

16 156.   THEREFORE, upon information and belief, Angel L. Rivera alleges
17 Bank of America, N.A. and Trustee Services of Carolina, LLC acting on behalf of
18 Bank of America, N.A. violated the Acts of the Forty-Second Congress, Session I,
19 Chapter XXII, Section 6 (17 Stat 15) and Section 2 (17 Stat 13).

20 157.   WHEREFORE, Angel L. Rivera seeks the following;
21      a.  Actual damages as demonstrated and proved upon the record;
22      b.  Compensatory in the amount of One hundred forty-four thousand
23          three hundred eighty-two and 00/100 dollars ($144,382.00);
24      c.  Consequential in the amount set by the jury;
25      d.  General damages in an amount yet to be determined;
26      e.  Restitution damages in an amount equal to all amounts paid by CRE
27          – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in

| | | |
|---|---|---|
| 1 | | connection with any foreclosure activities allegedly authorized by the |
| 2 | | NOTE and/or DEED OF TRUST; |
| 3 | f. | Punitive in an amount to be set by the jury; |
| 4 | g. | Treble; |
| 5 | h. | Un-liquidated in an amount to be set by the jury; |
| 6 | i. | Order of this Court for defendant, Bank of Amercia, N.A. to seal all |
| 7 | | records that are in or subject to the control of named defendant and |
| 8 | | are relevant to either the subject property or plaintiff; |
| 9 | j. | Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the |
| 10 | | Register of Deeds Mecklenburg County instrument no. 2011087393; |
| 11 | k. | Bank of Amercia, N.A. to produce the Genuine "NOTE" dated May |
| 12 | | 30, 2008; and |
| 13 | l. | Such other relief as the Court deems proper and just. |

**ON ALL CAUSES OF ACTION**

158.   WHEREFORE, Angel L. Rivera, request;

a.   Actual damages as demonstrated and proved upon the record;

b.   Compensatory in the amount of One hundred forty-four thousand three hundred eighty-two and 00/100 dollars ($144,382.00);

c.   Consequential in the amount set by the jury;

d.   General damages in an amount yet to be determined;

e.   Restitution damages in an amount equal to all amounts paid by CRE – HFS 1ST MORT –NONSALE to Bank of Amercia, N.A. in connection with any activities allegedly authorized by the NOTE and or DEED OF TRUST;

f.   Punitive in an amount to be set by the jury;

g.   Treble;

h.   Unliquidated in an amount to be set by the jury;

1    i.  Order of this Court for defendant, Bank of Amercia, N.A. to seal all
2        records that are in or subject to the control of named defendants and
3        are relevant to either the PROPERTY and/or RIVERA;
4    j.  Rescission of the "SUBSTITUTION OF TRUSTEE" recorded in the
5        Register of Deeds Mecklenburg County instrument number
6        2011087393;
7    k.  Bank of Amercia, N.A. to produce the genuine "DEED OF TRUST"
8        evidenced by a recordation on June 2, 2008 in the Register of Deeds
9        Union County instrument number 32985;
10   l.  That Counter-defendants take nothing by way of their foreclosure
11       proceeding, "SPECIAL PROCEEDINGS ACTION;"
12   m. That the Court find for Angel L. Rivera and issue a Court order for
13       Counter-defendant Bank of Amercia, N.A. to record in the Office of
14       the Mecklenburg Register of Deeds a Full Reconveyance of the
15       NOTE;
16   n.  That the Court find for Angel L. Rivera and issue a Court order for
17       Counter-defendant, Bank of Amercia, N.A., to surrender to Angel L.
18       Rivera the genuine "NOTE" bearing the date of May 30, 2008;
19   o.  For attorney's fees, legal fees, research cost and cost of suit incurred
20       herein according to proof;
21   p.  That Angel L. Rivera be awarded such other relief as the jury deems
22       just and proper;
23   q.  All Court cost and fees associated with this litigation; and
24   r.  Such other relief as the Court deems proper and just.
25   //
26   //
27   //

1  //

2  //

3  //

4  DATE:        February 23rd, 2012

5

6                                              Respectfully submitted,

7

8                                              _____

9                                              Angel L. Rivera, Propria Persona
                                               4365 School House Commons, 500-251
10                                             Harrisburg, NC 28075
                                               Ph.: 704-455-7274
11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //