Angel L. Rivera, Propria Persona
4365 School House Commons, 500-251
Harrisburg, NC 28075
Ph.: 704-455-7274



FILED
CHARLOTTE, NC
MAR 26 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Trustee Services of Carolina, LLC, | CASE NO: 3:12-cv-00121 |
| Petitioner (Plaintiff), | |
| v. | [Currently filed with; BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION TO DISMISS; Certificate of Service; and [Proposed] ORDER.] |
| Angel L. Rivera, | |
| Respondent (Defendant). | |
| Angel L. Rivera, | |
| Counterclaimant, | |
| v. | |
| Trustee Services of Carolina, LLC; Bank of America, N.A.; and JOHN and/or JANE DOES 1 through 10 inclusive, | |
| Counter-defendants. | |

## RESPONSE IN OPPOSITION TO BANK OF AMERICA, N.A.'S MOTION TO DISMISS

COMES NOW Angel L. Rivera, and submits this Response in Opposition to Bank of America, N.A.'S Motion to Dismiss incorrectly styled as "CROSS-

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT" whereby counter defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. Rule 12(b)(1) and a claim of Third-Party status pursuant to Rule 14(a)(1).

    WHEREFORE, Angel L. Rivera moves this Court to DENY counter-defendant Bank of America, National Association's "CROSS-DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT".

Respectfully submitted this 26 day of March, 2012.

_____
Angel L. Rivera, Propria Persona
4365 School House Commons, 500-251
Harrisburg, NC 28075
Ph.: 704-455-7274

//
//
//
//
//
//
//
//
//
//
//
//
//

# CERTIFICATE OF SERVICE

I JENNIFER WILSON hereby certify that on March 26, 2012 a copy of the forgoing "RESPONSE IN OPPOSITION TO BANK OF AMERICA, N.A.'S MOTION TO REMAND", "BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO REMAND", and "[Proposed] ORDER" was mailed to the following counter-defendants:

**Trustee Services of Carolina, LLC** by and through their counsel of record

Marc S. Asbill
c/o Brock & Scott, PLLC
5121 Parkway Plaza Blvd
Charlotte, NC 28217

Mathew Lee Underwood
c/o Brock & Scott, PLLC
5121 Parkway Plaza Blvd
Charlotte, NC 28217

**Bank of America, N.A.** by and through their counsel of record

Curtis Griner
c/o McGuire Woods
201 N. Tryon St., Suite 3000
Charlotte, NC 28202

This the 26th day of March, 2012.

By: *Jennifer L. Wilson*

//
//
//

FILED
CHARLOTTE, NC
MAR 26 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| Angel L. Rivera, Propria Persona | |
| 4365 School House Commons, 500-251 | |
| Harrisburg, NC 28075 | |
| Ph.: 704-455-7274 | |

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| Trustee Services of Carolina, LLC, | CASE NO: 3:12-cv-00121 |
| Petitioner (Plaintiff), | |
| v. | |
| Angel L. Rivera, | |
| Respondent (Defendant). | |
| _____ | |
| Angel L. Rivera, | |
| Counterclaimant, | |
| v. | |
| Trustee Services of Carolina, LLC; Bank of America, N.A.; and JOHN and/or JANE DOES 1 through 10 inclusive, | |
| Counter-defendants. | |

## BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION TO DISMISS

COMES NOW Angel L. Rivera, files this Brief in Support of his Response in Opposition to Motion to Dismiss.

# INTRODUCTION

Bank of America, National Association ("BANA"), allegedly pursuant to authority conferred in paragraph 22 of a "DEED OF TRUST" ("DEED"), initiated acceleration of the foreclosure. (*Dkt. 4*, Exhibit A).

To advance the acceleration of foreclosure BANA, allegedly pursuant to authority conferred in paragraph 24 of that certain DEED, did cause and record an "APPOINTMENT OF SUBSTITUTE TRUSTEE" naming counter-defendant Trustee Services of Carolina, LLC ("TSC") as "Substitute Trustee."

TSC noticed Angel L. Rivera ("RIVERA") "The creditor to whom the debt is owed is Bank of America, N.A. … asked [TSC] as Substitute Trustee to initiate foreclosure proceedings …"

TSC, posted its notice to RIVERA, petitioned the General Court of Justice State of North Carolina Mecklenburg County for authorization to conduct a foreclosure sale.

Subsequent to filing the petition, August 5, 2011, to authorize a foreclosure sale TSC initiated and was granted multiple postponements from the initial hearing date set for January 5, 2012 to March 9, 2012. At no time was RIVERA noticed of the continuances.

Bank of America, National Association is *not* a third party. The substitute trustee, Trustee Services of Carolina, LLC acknowledges all the actions it took were at the direction of BANA.

# ARGUMENT

## I. BY STATUTE THIS COURT HAS EXCLUSIVE SUBJECT MATTER JURISDICTION.

### a. This Court Possess Federal Question Jurisdiction.

RIVERA's COMPLAINT clearly establishes the jurisdiction of this court pursuant to 17 Stat. 13 and 17 Stat. 15. The existence of concurrent state remedies

is not a bar to a Forty-Second Congress, Session I, Chapter XXII, Section 6 (17 Stat. 15) and Forty-Second Congress, Session I, Chapter XXII, Section 2 (17 Stat. 13) (42 U.S.C. § 1983) action.[1] Notwithstanding Federal Courts have exclusive jurisdiction over an action brought pursuant to 17 Stat 15 and 17 Stat 13 (Title 42 U.S.C. § 1983 *"Civil action for deprivation of rights.*"). Because Title 42 of the United States Code is not enacted in to Positive Law RIVERA relies on the Legislative Acts for interpretation.

BANA initiated and engaged TSC to act in concert to unlawfully deprive RIVERA of his property[2] after BANA admitted it was not the owner of the obligation[3] "Note Holder"[4], and thus BANA is not the real party in interest entitled to enforce the NOTE.

RIVERA has plead federal law violations on the face of the "COMPLAINT" ("Compl."). (*See Compl.* "THIRD CAUSE OF ACTION" and "VIOLATION OF DUE PROCESS", *pp. 22-26*).

Moreover, the real party in interest [*Note Holder*] question is really the prudential component of the overall standing analysis, while injury-infact is a constitutional requirement. Additionally, a party only has standing to seek relief [*substitute trustee*] if it has the authority [*lawful assignment of substitute trustee*] to act on behalf of an entity that has standing. Therefore, a nominee or agent will have to prove both (1) that it is an agent with the authority [*lawfully recorded assignment of substitute trustee*] to act on behalf of the principal and (2) that the

---

[1] *Zinermon v. Burch*, 494 U.S. 113, 124 (1990).
[2] 17 Stat. 13, Sec. 2, at 14 (""… And if any one or more persons engaged in any such conspiracy shall do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby any person shall be injured in his person or property, or deprived of having and exercising any right or object of the privilege of a citizen of the United States, the person so injured or deprived of such rights and privileges may have and maintain an action for the recovery of damages occasioned by such injury or deprivation of rights and privileges against any one or more of the persons engaged in such conspiracy, such action to be prosecuted in the proper district or circuit court of the United States …").
[3] See "REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTERCLAIM" ("RJNC") Exhibit I (*Dkt. 4*).
[4] See RJNC (*Filed Concurrently*) Exhibit S ("The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

principal ["*Note Holder*"] has both constitutional standing and prudential standing. Even if a party has standing, <u>the agent must prosecute the action in the name of the real party in interest and not in its own name.</u>

The standing requirement is "an essential and unchanging part of the case-or controversy requirement of Article III."[5] This constitutional doctrine requires that a claimant must present an actual or imminent injury that is fairly traceable to the defendant's conduct and redressable by a favorable ruling.[6] The standing question is a threshold issue, required before a court may entertain a suit.[7] Thus, if a lender (*"Note Holder"*) cannot prove standing, the court has no authority to hear its petition for relief.

BANA errors when describing N.C. Gen. Stat. § 45-21.16 as an action arising under state law.[8] A Petition for a Special Proceeding to authorize the foreclosure sale in a North Carolina General Court of Justice is an inferior tribunal for it is <u>not</u> a court of <u>record</u>.[9] A court of record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and its acts and proceedings being enrolled for a perpetual memorial.[10] A <u>trial court</u> of <u>record</u> creates the <u>record</u> of the case for <u>appellate review</u>. On the other hand, a party to a proceeding in a *court **not** of record* has in most cases a right to demand a new <u>trial</u>, called a "<u>trial *de novo*</u>" (or a 'hearing *de novo*'), <u>in a court of record.</u>

---

[5] Constitution for the United States; *Lujan v. Defenders of Wildlife*, 502 US 555, 560 (1992).
[6] *Davis v. Fed. Election Comm'n*, 128 S.Ct. 2759 (2008).
[7] *Warth v. Seldin*, 422 U.S. 490, 495 (1975).
[8] See "CROSS-DEFENDANT BANK OF AMERICA, N.A.'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE THIRD-PARTY COMPLAINT" ("BSMD") *p. 3*).
[9] In re Adams, ___ N.C.App. ___, 693 S.E.2d 705 (2010); citing *In re Foreclosure of Michael Weinman Assocs.*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) ("A power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by <u>action</u>," whereby "[t]he parties have agreed to abandon the traditional foreclosure by judicial action in favor of a private contractual remedy to foreclose."). (Emphasis added).
[10] *Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill*, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689

> *"The [North Carolina] General Assembly did not intend to provide for a full trial by jury is also indicated by the language of G.S. 45-21.16(d) which refers to appeal 'to the judge of the district or superior court having jurisdiction' (emphasis added), and of G.S. 45-21.16(e) which refers to the right of either party to petition the resident superior court judge or chief district court judge, 'who shall be authorized to hear the appeal.'"*[11]

By contrast this Court is, by legislative mandate, <u>a court of record</u>.[12]

N.C.G.S. § 1-393 states, *"The Rules of Civil Procedure and the provisions of this Chapter on civil procedure are applicable to special proceedings, except as otherwise provided."* (Emphasis added). The N.C. Rules of Civil Procedure mandates *"[S]pecial proceedings against adverse parties shall be commenced as is prescribed for civil actions."* (N.C.G.S. § 1-394).

> *"The summons shall notify the defendant or defendants to appear and answer the complaint, or petition, of the plaintiff within 10 days after its service upon the defendant or defendants, and must contain a notice stating in substance that if the defendant or defendants fail to answer the complaint, or petition, within the time specified, plaintiff will apply to the court for the relief demanded in the complaint, or petition."* (N.C.G.S. § 1-394).

Unlike the statute for a Special Proceeding (N.C.G.S. § 45-21.16 inclusive) to authorize a foreclosure sale, the N.C. Rules of Civil Procedure mandate the defendant(s) appear and answer the complaint/petition. (N.C.G.S. § 1-395). Conversely, a petition to the Clerk of the court for authorization to conduct a

---

[11] *In re Sutton*, 46 N.C. 654, 266 S.E.2d 686, 691 (1980).
[12] Title 28 U.S.C. § 132(a). "There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district."

foreclosure sale only requires <u>notice</u> to the party and <u>not a summons</u>. (N.C.G.S. § 45-21.16(a)).

Counterclaimant RIVERA did not invoke the jurisdiction of this Court based upon a state statute. Further, BANA's reference to "Memorandum and Recommendation and Order, *Nationwide Trustee Services, Inc. v. Rivera*, 3:11-cv-00528-RJC-DSC at (January 19, 2012 W.D.N.C.) is wholly misplaced and prejudicial to RIVERA for the following reasons; 1) Paragraph "(I)" of the DEED in relevant part states, "Applicable Law means ... all applicable final, non-appealable judicial opinions; and 2) Nationstar without notice to either the federal court or RIVERA voluntarily dismissed the state case (see "APPLICATION FOR ORDER TO SHOW CAUSE" Exhibit 1 attached).[13]

BANA's reference to *In re Foreclosure of a Deed of Trust Executed by Naef*, No. 7:10-CV-197-FL, 2010 U.S. Dist. LEXIS 128080 (E.D.N.C. Dec. 3, 2010) is grossly inapplicable for the following reasons; 1) Unlike, RIVERA, Naef only removed the state court Special Proceeding failing to attach any complaint as part of the removal action; 2) Naef, incorrectly, believed he could consolidate the removal of the Special Proceeding with a separate claim for violations of TILA[14]; and 3) Naef failed to timely remove the Special Proceeding from state court.

BANA's cite of *Vaden v. Discover Bank*, 556 U.S. 49, 68 n.17 (U.S. 2009) is also misleading for the following reasons; 1) Discover's agent brought the action in Maryland state court whose "pleading presented a claim arising solely under state law"; 2) Vaden answered and counterclaimed alleging only violations of Maryland state law; and 3) Unlike *sub judice*, Discover sought removal to Federal District Court by invocation of Title 9 U.S.C. § 4 (Federal Arbitration Act ("FAA")) a condition of the credit card agreement. The Supreme Court reasoned

---

[13] Civil Docket for Case No.: 3:11-cv-00528-RJC-DSC (*Dkt. 18*) and (*Dkt 17* "RESPONSE IN OPPOSITION TO MAGISTRATE MEMORANDUM AND RECOMMENDATION AND ORDER.").
[14] *Naef v. Wells Fargo Home Mortgage*, No. 7:10-CV-163-FL (E.D.N.C. filed August 23, 2010).

because both Discover's complaint and Vaden's answer were predicated entirely upon state claims and the FAA did not completely preempt the well plead complaint rule, thus, the Federal District Court lacked jurisdiction.

Even BANA's reference to *Holmes Group, Inc. v. Varnado Air Circulation Sys.*, 535 U.S. 826, 831 (U.S. 2002) will not suppress the complete preemption doctrine.

A *complaint* purporting to rest on state law, we have recognized, can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal. See *Beneficial Nat. Bank* v. *Anderson*, 539 U. S. 1, 8 (2003). Under this so-called "complete preemption doctrine," a plaintiff's "state cause of action [may be recast] as a federal claim for relief, making [its] removal [by the defendant] proper on the basis of federal question jurisdiction." 14B Wright & Miller §3722.1, p. 511.

> *"This Court's decision in Holmes Group, Inc. v. VomadoAir Circulation Systems, Inc.,535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), the majority recognized, held that federal-question jurisdiction depends on the contents of a well-pleaded complaint, and may not be predicated on counterclaims. 489 F.3d, at 600, n. 4. Nevertheless, the majority concluded, the complete preemption doctrine is paramount, "overrid[ing] such fundamental cornerstones of federal subjectmatter jurisdiction as the well-pleaded complaint rule." Ibid. (quoting 148 C. Wright, A Miller, & E. Cooper, Federal Practice and Procedure§ 3722.1, p. 511 (3d ed.1998)."* (See *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1270 (U.S. 2009).

Thus, a state claim may be removed to federal court when Congress expressly so provides, such as in "*An Act to enforce the Provisions of the*

*Fourteenth Amendment to the Constitution of the United States, and for other Purposes*", or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.[15] When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U. S. C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court. ( See *Beneficial National Bank et al. v. Anderson et al.*, 539 U.S. 1, at 8 (2002).

Therefore, the TSC petition to state court on behalf of BANA does not rise to the level of the well plead complaint rule (action); and assuming arguendo the petition could be construed as a well plead complaint it is completely preempted by 17 Stat. 13 and 17 Stat. 15 giving this Court exclusive jurisdiction.

### b. Diversity of Jurisdiction is Moot.

RIVERA declines to address diversity of jurisdiction as irrelevant as the COMPLAINT does not claim diversity of the parties. Further, pursuant to 17 Stat. 13 and 17 Stat. 15 diversity of the parties is not necessary to invoke the jurisdiction of this Court.

### c. This Court's Jurisdiction is NOT Limited by State Statute.

The usual rule of exhaustion of administrative and judicial state remedies is not a prerequisite[16] and the existence of concurrent state remedies (N.C.G.S. § 45-21.34) is not a bar to 17 Stat. 13 and 17 Stat. 15.[17]

As previously stated, *Naef v. Wells Fargo Home Mortg. supra* is grossly inapplicable.

---

[15] A state claim can also be removed through the use of the supplemental jurisdiction statute, 28 U. S. C. § 1367(a), provided that another claim in the complaint is removable. (See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ("Federal courts may hear claims in violation of state laws.")).
[16] *Monroe v. Pape*, 365 U.S. 167, 183 (1961); Patsy v. Florida Board of Regents, 457 U.S. 496, 501 (1982).
[17] *Zinermon v. Burch*, 494 U.S. 113, 124 (1990).

This Court is not limited to only the findings of facts pursuant to N.C.G.S. § 45-21.16 (state claims) when a party acts under color of law in violation of 17 Stat. 13 and 17 Stat. 15. (Also see 28 U.S.C. § 1367).

## II. THIRD PARTY COMPLAINT IS MISCHARACTERIZED THUS RULE 14(a)(1) IS INAPPLICABLE.

### a. Compliant Should NOT be Stricken as BANA is NOT a Third Party.

BANA is not a Third-Party. BANA, under color of law, guised itself as the "Note Holder" when it issued a Notice of Acceleration to RIVERA. BANA furthered this masquerade as the "Note Holder" by executing an "APPOINTMENT OF SUBSTITUTE TRUSTEE." BANA continued this deception directing the substitute trustee it appointed to petition for a hearing in state court to authorize a foreclosure sale.

This Court need only look to Fed.R.Civ.P. "TITLE IV. PARTIES" Rule 17(a) inclusive to ascertain BANA is not a third party.

### b. BANA May NOT Claim To Be and Is NOT a Third Party.

BANA admits the trustee (TSC) initiated the state foreclosure hearing. (*BSMD p. 5*). The trustee, TSC, admits it received direction from BANA to initiate a foreclosure. (*Dkt. 4*, RJNC "Exhibit K"). TCS's filing of the petition with the state court, at the direction of BANA, asserted BANA possesses "Note Holder" status.[18] Therefore, and without reiteration, neither *GE Healthcare Fin. Servs. v. EBW Laser, Inc.*, 225 F.R.D. 176, 180 (M.D.N.C. 2004) nor *Westchester Fire Ins. Co. v. Eakin*, No. 7:11-672-HMH, 2011 U.S. Dist. LEXIS 98802 (D.S.C. Aug. 31, 2011) may be relied upon, for in each case, unlike BANA, the parties were not parties to the original agreement.

---

[18] (*Dkt. 4*, RJNC "Exhibit E, para. 2 ("The name and address of the current holder of the above-described Deed of Trust and the indebtedness secured thereby is: Bank of America, N.A. ... hereinafter "Holder".") and para. 3 ("The Holder has instructed the said Substitute Trustee ... to institute foreclosure proceedings ...").

BANA's third-party claim is an admission it does not possess "Note Holder", therefore, it acted under color of law in violation of 17 Stat. 13 and 17 Stat. 15.

17 Stat. 13 and 17 Stat. 15 do not distinguish the character of the property taken or conspired to be taken, thus, the distinction between that of a deficiency judgment and the unlawful foreclosure under color of law is irrelevant.

Therefore, the third-party assertion by Bank of America, N.A. is orthogonal and the Complaint as to Bank of America, National Association should <u>not</u> be stricken.

## **CONCLUSION**

For the foregoing reasons, Angel L. Rivera respectfully request this Court deny Bank of America, National Association's MOTION TO DISMISS THIRD-PARTY COMPLAINT for Bank of America, National Association is <u>not</u> a Third-Party and this Court has jurisdiction in the matter pursuant to 17 Stat. 13 and 17 Stat. 15.

DATE: March 26, 2012

Respectfully submitted,

Angel L. Rivera, Propria Persona
4365 School House Commons, 500-251
Harrisburg, NC 28075
Ph.: 704-455-7274

//
//
//
//
//