## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12cv121

| | | |
|---|---|---|
| TRUSTEE SERVICES OF CAROLINA, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANGEL L. RIVERA, | ) | |
| | ) | |
| Defendant/Counter Claimant, | ) | |
| | ) | |
| Vs. | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Cross Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Defendant/Counterclaimant, who is proceeding *pro se*, has timely filed two objections: (1) the magistrate judge erred in determining that the action was untimely removed as the time does not begin to run from receipt of a notice of hearing in a foreclosure proceeding; and (2) the court has discretion to retain subject matter jurisdiction even if there is a defect in removal. Objections (#20). Cross Defendant has elected not to respond. (#21).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are

-1-

raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Defendant/Counterclaimant's first objection is that the magistrate judge erred in determining that the action was untimely removed as the time does not begin to run from receipt of a notice of hearing of foreclosure. Under 28 U.S.C. § 1446(b), a removing party must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id. Chapter 45-21.1 *et seq.* of the North Carolina General Statutes provides the procedure for foreclosure by power of sale under North Carolina law. Foreclosures by power of sale are "special proceedings" under North Carolina law, see Phil Mechanic Construction Company, Inc. v. Haywood, 72 N.C.App. 318, 322 (1985), which are initiated by the filing of a notice of hearing instead of a complaint and summons. N.C. Gen.Stat. § 45-21.16. The record indicates that Defendant/Counterclaimant received the Notice of Hearing – the initial pleading – on or about August 11, 2011. The Petition for Removal was filed by him on February 23, 2012, more than thirty days after he received the Notice of Hearing. Because removal was untimely under § 1446(b) as a matter of law, the first objection is overruled.

Defendant/Counterclaimant's second objection is that the magistrate judge erred in determining that the court lacked subject-matter jurisdiction because the court has discretion to retain subject matter jurisdiction even if there is a defect in removal. Where removal is procedurally improper, the court need not consider whether it has subject matter jurisdiction. In re Foreclosure of a Deed of Trust Executed by Prodev, 2008 WL 5234301, at *2 (E.D.N.C. Dec. 15, 2008). In any event, the existence of jurisdiction is not, as Defendant/Counterclaimant contends, a matter of judicial discretion as "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Inasmuch a diversity was not alleged as a basis for removal to this court, it was Defendant/Counterclaimant's burden to prove that this court had original or federal jurisdiction over the state foreclosure proceeding. As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question"). This objection is, therefore, overruled.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings and the objections are without merit as a matter of law. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant/Counterclaimant's Objections (#20) are **OVERRULED**, the Memorandum and Recommendation (#18) is **AFFIRMED,** Cross Defendant Bank of America, N.A.'s "Motion to Remand" (#6) is **GRANTED** and this matter is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Mecklenburg County.

All other motions filed in this court are terminated without prejudice.

Signed: May 2, 2012

Max O. Cogburn Jr.
United States District Judge

Case 3:12-cv-00121-MOC-DCK   Document 22   Filed 05/02/12   Page 4 of 4